# Styer's Appeal.

1. Where the testator intended that his widow should enjoy the property for the term of her natural life, she has a right to the proceeds for the same period of time.

APPEAL from the Orphans' Court of *Montgomery county*.

For a statement of the facts of the case, the reader is referred to *Styer* v. *Frease*, 3 Har. 339, and *Styer's Appeal*, 9 Id. 89; cases arising on, and involving the interpretation of the will of David Styer, deceased, being the same, the construction of which was at issue in this case.

*Mulvany* and *Bonsall*, for appellant.

The opinion of the court was delivered by

LEWIS, C. J.—The particular clause in the will of David Styer, deceased, on which the present question depends, has already received the construction of this court. In *Styer* v. *Frease*, 3 Harris, 342, it was expressly decided, that "the daughter being dead," "not only the *words* of the power, but the *intent* of the testator, were fulfilled," by Elizabeth Styer, the widow, "joining in the deed." In *Styer's Appeal*, 9 Harris, 89, when the same will was before this court, although this particular question was not then in a condition to be adjudicated, it was held, that "the life estate of the widow increased the amount of the consideration received, to the extent of its value," and that "the conversion of the estate into money is not necessarily a transfer of the life estate to the remaindermen." That the power to sell has been executed according to the *words* and *intent* of the testator, has been adjudicated in the case first cited, and nothing has been shown, on the present argument, to impair the force of the remarks made in the case last referred to. If the power to sell has been well executed, and if the widow's life estate has swelled the consideration-money received, it is manifestly unjust to deprive her of all interest in the proceeds; the extinction of her claim to the *land*, by the sale, is the test of her right to come upon the *proceeds*. It is this which establishes the right of a mortgagee, or other lien-creditor, to payment out of the money raised; and it is this also, which gives the debtor himself, or his vendee, a right to the surplus money

in the hands of the sheriff, after payment of liens. The conversion of an estate into money, works no change in the rights of the owners. The proceeds should be paid to the persons having claims upon, or an interest in, the estate. The justice of this principle needs no vindication. But it is said that the equity of the widow is lost by her act, in depriving the children of Mary Sheetz of their right of election to take the land instead of money. That this is not a perfect right is plain, because it does not exist until all the parties in interest consent to the measure. Unanimity of action must occur before an actual conversion takes place, or the right is gone forever. *Miller* v. *Meetch,* 8 Barr, 425. No such unanimity existed before the conversion; therefore the right of election never existed in any one of the claimants. A right which depends upon the will of another is not a perfect right. But if the power was well executed according to the *words* and *intent* of the testator, how can the widow be punished for the consequences? It is evident, from the terms of the will, that the testator intended she should enjoy the property for the term of her natural life. She has therefore a right to the proceeds for the same period of time.

It is ordered and decreed, that the decree of the Orphans' Court of Montgomery county be reversed, and that the sum of $1819.37 (being the interest on the purchase-money) be retained by the said Elizabeth Styer, in her own right, without any condition or security.

It is further ordered and decreed, that the sum of $3720.19 (being the residue of the money in court for distribution) be retained by the said Elizabeth Styer, on giving security by bond and mortgage to the Commonwealth of Pennsylvania, in trust for the parties entitled, in the penal sum of $7450, to the satisfaction of the Orphans' Court of Montgomery county, conditioned to be void on the payment of the said sum of $3720.19 to the persons respectively entitled in remainder, according to the will of the late David Styer, deceased, whenever the same shall accrue or vest in possession, by the death of the said Elizabeth Styer.

It is further ordered, that if the said Elizabeth Styer shall fail to give the security required by this decree, the said accountants shall invest the said sum of money, upon the like security, under the direction of the said Orphans' Court, conditioned for the payment of the annual interest thereof to the said Elizabeth Styer, for and during her natural life, and the principal to the persons entitled in remainder, as already set forth in this decree.

It is further ordered, that the costs be paid by the appellees.